IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOBBY DANIEL HORTON, JR., # 42907**                                   **PETITIONER**

V.                                                          NO. 1:15-cv-00260-LG-RHW

**JIM HOOD and JACQUELINE BANKS**[1]                              **RESPONDENTS**

### REPORT AND RECOMMENDATIONS

Before the Court are [1] the Petition for Writ of Habeas Corpus filed August 13, 2015[2] by Bobby Daniel Horton pursuant to 28 U.S.C. § 2254, [9] Respondents' November 4, 2015 motion to dismiss the petition, and [10] Petitioner's December 2, 2015 response.  Having considered the pleadings, exhibits, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief was improperly filed in this Court and should be dismissed.

Facts and Procedural History

The Petitioner, Bobby Horton, is lawfully in the custody of Jody Bradley, Warden of the Wilkinson County Correctional Facility in Woodville, Mississippi.  In October 1986, Horton was convicted in DeSoto County Circuit Court for receiving stolen property.  He was sentenced to serve five (5) years, with four (4) years suspended and one (1) year to serve in the custody of the Mississippi Department of Corrections ("MDOC").  [9-1]  Horton was released on July 10, 1987, and was thereafter arrested and charged with aggravated assault and grand larceny in Panola

---

[1]When Horton filed this petition he was confined at South Mississippi Correctional Institution where Jacquelyn Banks is superintendent.

[2]The petition was signed and stamped "approved legal mail" on August 5, 2015. [1], [1-1]

County, Mississippi. The arrest led to revocation of his suspended sentence in DeSoto County on February 17, 1989, and the DeSoto County Circuit Court sentenced him to serve the remaining four (4) years for the receiving stolen property conviction.

On April 18, 1989, Horton pled guilty to aggravated assault and grand larceny in the Circuit Court of Panola County. He was sentenced to serve consecutive sentences of twenty (20) years and five (5) years, respectively, as a habitual offender pursuant to Mississippi Code Annotated § 99-19-81. These sentences were also ordered to be served consecutively to the DeSoto County sentence. While in MDOC custody, on June 19, 2008, Horton was convicted of possession of contraband in a prison facility. He was sentenced to serve four (4) years, which was to run consecutively to the Panola County sentences.

In his petition, Horton states he wrote the records department about the status of his sentences on October 29, 2012, and that MDOC responded and provided him a time sheet on November 1, 2012, alerting him to the status of his time served.[3] [1-1, p. 4] In March 2013, Horton raised several issues regarding the time period of his sentences through the MDOC's Administrative Remedy Program ("ARP"). The ARP was complete on May 22, 2013. Horton filed a "Petition for a Writ of Habeas Corpus" on July 8, 2013 in the Circuit Court of Greene County, which dismissed that petition as untimely filed.[4] Horton appealed the dismissal to the Mississippi Supreme Court and challenged the administrative actions of the MDOC regarding his parole eligibility and the time period of his sentences. On October 7, 2014, the Mississippi Court of Appeals affirmed, finding Horton failed to timely file his appeal from the administrative

---

[3] He may have also received a similar time sheet at the time of the 2008 conviction, but this opinion will analyze the statute of limitations from the later date for the purposes of giving the petitioner the benefit of the doubt.

[4] One must seek judicial review of an adverse decision rendered pursuant to an administrative review procedure within 30 days after receipt of the agency's final decision. Miss. Code Ann. § 47-5-807.

ruling, and holding his claims related to parole and alleged illegal sentences must be asserted under the Mississippi Post-Conviction Collateral Relief Act and addressed by the original sentencing court(s). [9-6] Horton filed no motion for rehearing. Instead, he filed this federal habeas petition on August 13, 2015.

In the petition before this Court, Horton asserts as his only ground for relief that he was sentenced to consecutive sentences of twenty years and five years, each being the maximum sentence for the crimes charged, "to be served without good time or parole," and that "MDOC extended that sentence beyond the twenty-five years." [1, p. 5] He asks this Court to order MDOC "to discharge [him] from the 25 year sentence on 2-11-16 instead of 7-9-16 so that he may begin serving the 4 year Sunflower County conviction." [1, p. 15]

<u>Law and Analysis</u>

Respondents urge that Horton's habeas petition is untimely filed in violation of the one-year statute of limitations set out in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Federal courts are required under § 2244(d)(2) to toll the time during which a properly

filed state post-conviction application is pending. *Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998). A post conviction application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application for state post-conviction relief which is filed outside the limitations period does not affect the one-year time-bar for federal habeas relief and does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired").

Horton claims he discovered on November 1, 2012 that MDOC was erroneously calculating his time served. Absent a "properly filed" post-conviction application to toll the limitations period, Horton's time for filing a federal habeas petition expired one year from the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Taking the November 1, 2012 date as the date Horton discovered the factual predicate of his claim, his deadline for filing a federal habeas petition would be November 1, 2013. Tolling the AEDPA statute of limitations for the 82 days during which his ARP action was pending (March 1, 2013, through May 22, 2013) results in an adjusted federal habeas deadline of January 22, 2014 (November 1, 2013, plus 82 days).[5] Under the "mailbox rule," a Petitioner's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.2d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374,

---

[5]Even if the statute of limitations were tolled from March 1, 2013 through the October 7, 2014 Mississippi Court of Appeals decision affirming the untimeliness of Horton's appeal from the administrative decision, his petition would still be untimely as 585 days added to the November 1, 2013 deadline would produce a due date of June 9, 2015.

376-78 (5th Cir. 1998)).  Horton's federal habeas petition was stamped "filed" in this case on August 13, 2015, and the signature is dated August 5, 2015.  Counting from the signature date, Horton's federal habeas petition was filed some 560 days beyond the January 22, 2014 deadline.

Horton has presented no "rare and exceptional" circumstances to warrant equitable tolling of the limitations period.  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).  *See also Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)); *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder*, 204 F.3d at 174) ("failure to satisfy the statute of limitations must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify").  To be entitled to equitable tolling, the petitioner must show he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005).  Although Horton alleges he has been pursuing his rights diligently, he has failed to identify any "extraordinary circumstances" which prevented him from timely filing.  It is the petitioner's burden to establish that he is entitled to equitable tolling, and he must show "rare and exceptional circumstances" to warrant such tolling.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  The undersigned finds Horton has not met that burden.  The undersigned is of the opinion that Horton's petition should be dismissed as untimely filed.

Even if Horton's petition were deemed timely filed, the undersigned would recommend dismissal of the petition for Horton's failure to exhaust available state court remedies, as he has not presented the issues raised in the petition to the Mississippi Supreme Court.  "A fundamental

prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court ... prior to requesting federal collateral relief. *See*, *Rose v. Lundy*, 455 U.S. 509 (1982)." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). By statute:

> (b)(1)  An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i)  there is either an absence of available State corrective process; or
> >
> > > (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> ***
>
> (c)  an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c).  To satisfy the exhaustion requirement, a federal habeas petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.  That is, the prisoner must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-842 (1999).  The exhaustion doctrine serves to minimize friction between federal and state systems of justice by ensuring "that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *See Duncan v. Walker*, 533 U.S. 167, 178-79 (2001).  "Not only must the petitioner present the question to the state courts but he must also exhaust all available remedies to procure a correction of the error from the state courts.  28 U.S.C. § 2254(b)."

*Edwards v. Thigpen*, 595 F.Supp. 1271, 1277, (S.D. Miss. 1984), *aff'd,* 849 F.2d 204 (5th Cir. 1988), *cert. denied,* 489 U.S. 1059 (1989).  Full exhaustion of all claims presented is required before federal habeas corpus relief is available.  *See Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990).

After the Mississippi Court of Appeals affirmed the Greene County Circuit Court ruling that Horton untimely appealed from the administrative ruling on his ARP challenging the calculation of his time served, Horton sought neither rehearing nor certiorari in the Mississippi Supreme Court.  Although both the state circuit court and appellate court informed him his claims could be asserted under the Mississippi Post-Conviction Collateral Relief Act, via motions properly filed in the court(s) where he was convicted, Horton chose instead to file the instant petition in this Court, thereby affording the Mississippi Supreme Court no opportunity to address the claims he makes in the present petition.  Even if Horton no longer has state court remedies available, the Fifth Circuit Court of Appeals has held, "When ... state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims."  *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  Horton has not shown any objective external factor prevented him from properly exhausting his state court remedies.  His claims are not properly before this court for consideration.  *See United States v. Flores*, 981 F.2d 231, 234-35 (5th Cir. 1993); *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

## **RECOMMENDATION**

Based upon the foregoing, the undersigned United States Magistrate Judge recommends that the motion to dismiss be granted for Horton's failure to timely file the petition and/or for his failure to exhaust state court remedies, and that the petition for habeas corpus relief, be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *L.U.Civ.R.,* a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it.  Objections must be filed with the clerk of court, served upon the other parties and submitted to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to timely file written objections shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 28th day of March, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE